JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 12-01869 DMG (RZx) | Date | March 20, 2012 |
|---|---|---|---|

| Title | *Hilda Canas v. Wells Fargo Bank, N.A., et al.* | Page | 1 of 3 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On March 5, 2012, Defendant Wells Fargo Bank, N.A. removed this action from Los Angeles County Superior Court on the basis of diversity jurisdiction. Relying on *Wachovia Bank v. Schmidt*, 546 U.S. 303, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006), Wells Fargo asserts that as a national banking association it is solely a citizen of South Dakota because its articles of association designate its main headquarters in Sioux Falls, South Dakota. (Notice of Removal at 3 [Doc. # 1].)

On March 12, 2012, this Court issued an Order to Show Cause ("OSC") why this action should not be remanded pursuant to the Court's decision in *Rouse v. Wachovia Mortgage, FSB*, No. CV 11-00928 DMG (DTBx), 2012 WL 174206, 2012 U.S. Dist. LEXIS 6962 (C.D. Cal. Jan. 13, 2012) [Doc. # 8]. In *Rouse*, the Court found Wells Fargo is also a citizen of California because it maintains its principal place of business in San Francisco, California. Wells Fargo filed its response to the OSC on March 14, 2012 [Doc. # 9].

In its response, Wells Fargo argues, *inter alia*, that post-*Schmidt* legislation relating to federal savings associations evinces a Congressional intent not to apply the principal-place-of-business test to federally chartered institutions. (Response at 8-9.) Wells Fargo notes that Congress originally drafted 12 U.S.C. § 1464(x)—which defines a federal savings association's citizenship—to include a principal-place-of-business test but removed that language from the final version of the statute. Yet, if Congress intended for the principal-place-of-business test to apply to national banking associations, it could have enacted legislation similar to 12 U.S.C. § 1464(x) for national banks rather than letting stand 28 U.S.C. § 1348, which ambiguously defines national banks' citizenship as "the States in which they are respectively located." Congress arguably was aware in 2006 that three Circuit Courts of Appeals had applied a principal-place-of-business test to national banks. *See Horton v. Bank One, N.A.*, 387 F.3d 426 (5th Cir. 2004); *Firstar Bank, N.A. v. Faul*, 253 F.3d 982 (7th Cir. 2001); *Am. Sur. Co. v. Bank of Cal.*, 133 F.2d 160 (9th Cir. 1943).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-01869 DMG (RZx)** | Date | March 20, 2012 |
| Title | *Hilda Canas v. Wells Fargo Bank, N.A., et al.* | Page | 2 of 3 |

    Wells Fargo also asserts that the corporate citizenship rule set forth in 28 U.S.C. § 1332(c)(1)—which provides for corporate citizenship based on both the state of incorporation and principal place of business—has been applied only to corporations and not to other state-created entities. (Response at 10-13.) The case of *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990), upon which Wells Fargo primarily relies, explains why. Other than corporations, state-created artificial entities are not considered "citizens" for jurisdictional purposes. *Id*. at 188-89. National banks—in contrast to the state-created entities at issue in *Carden*—are deemed citizens. *See Schmidt*, 546 U.S. at 306 ("Congress has discretely provided that national banks 'shall . . . be deemed citizens of the States in which they are respectively located.'" (quoting 28 U.S.C. § 1348)). Thus, *Carden* is inapposite.

    Wells Fargo also directs the Court's attention to several decisions from the Central District of California and elsewhere in which courts have found that the principal-place-of-business test does not apply to national banking associations. This is unremarkable. Reasonable jurists can and do disagree over this issue—sometimes, they have even changed their minds about it. *Compare, e.g.*, *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 709 (8th Cir. 2011) (finding that "a national bank is a citizen only of the state in which its main office is located"), *Mireles v. Wells Fargo Bank, N.A.*, __ F. Supp. 2d __, 2012 WL 84723, at *19, 2012 U.S. Dist. LEXIS 3871, at *68 (C.D. Cal. Jan. 11, 2012) (Morrow, J.) (same), *Silva v. Wells Fargo Bank NA*, No. CV 11–3200 GAF (JCGx), 2011 WL 2437514, at *2, 2011 U.S. Dist. LEXIS 64636, at *5-6 (C.D. Cal. June 16, 2011) (Feess, J.) (same), *and DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1123-24 (N.D. Cal. 2010) (same), *with WMR e-PIN*, 653 F.3d at 718 (Murphy, J., dissenting) (finding that "in the rare case where a bank's main office and principal place of business are in different states, the national bank would be 'located' in both"), *McCrady v. Wells Fargo Bank, N.A.*, No. CV 11–08587 SJO (MRWx), 2011 WL 6009966, at *4, 2011 U.S. Dist. LEXIS 136649, at *9 (C.D. Cal. Nov. 29, 2011) (Otero, J.) (same), *Stewart v. Wachovia Mortg. Corp.*, No. CV 11–06108 MMM (AGRx), 2011 WL 3323115, at *6, 2011 U.S. Dist. LEXIS 85822, at *18 (C.D. Cal. Aug. 2, 2011) (Morrow, J.) (same), *Goodman v. Wells Fargo Bank, NA*, No. CV 11–2685–JFW (RZx), 2011 WL 2372044, 2011 U.S. Dist. LEXIS 63165 (C.D. Cal. June 1, 2011) (Walter, J.) (same), *and Saberi v. Wells Fargo Home Mortg.*, No. 10CV1985 DMS (BGS), 2011 WL 197860, at *3, 2011 U.S. Dist. LEXIS 5286, at *8 (S.D. Cal. Jan. 20, 2011) (same).

    The Court is sympathetic to the fact that Wells Fargo's ability to litigate in the Central District of California is currently subject to the luck of the draw given the split of authority on the jurisdictional issue. That is not a reason, however, for reconsideration of this Court's rationale in *Rouse*. Barring legislative clarification of the "location" of national banks, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-01869 DMG (RZx)** | Date | March 20, 2012 |
| Title | *Hilda Canas v. Wells Fargo Bank, N.A., et al.* | Page | 3 of 3 |

appropriate mechanism for establishing uniformity among the district courts is guidance from the Circuit Courts of Appeals or the Supreme Court.

Although this was not the basis for the Court's decision in *Rouse*, the Court notes that the purpose of diversity jurisdiction is to avoid the effects of prejudice that "outsiders" may suffer if forced to litigate in the courts of a foreign state. *Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1029 (9th Cir. 2009) (citing *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990)). Wells Fargo is an iconic California institution. It admittedly maintains its principal place of business in California. There is little possibility that Wells Fargo will be viewed as an outsider when litigating in California courts. Moreover, there is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

The Court finds no reason to depart from its conclusion in *Rouse* that Wells Fargo is a California citizen. As such, there is no diversity of citizenship among the parties to support the exercise of federal subject matter jurisdiction.

In light of the foregoing, this action is hereby **REMANDED** to Los Angeles County Superior Court. Wells Fargo's motion to dismiss [Doc. # 5] is **DENIED** as moot and the April 13, 2012 hearing is **VACATED**.

**IT IS SO ORDERED.**